IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHAEL AUTON
ADC #143473                                                                                         PLAINTIFF

v.                                         3:24-cv-00141-BSM-JJV

WILLIAM F. STRAUGHN,
Deputy Director, ADC; *et al.*                                                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   DISCUSSION

Michael Auton ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"), who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But

"labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

Plaintiff, who is indigent, says Defendants Deputy Director Straughn, Warden Hurst, and Records Administrator Rizor have refused to provide him with a free copy of his birth certificate, which he will need when he is released on parole. (Doc. 2.) Plaintiff says their refusal is unfair because Ark. Code Ann. § 20-18-306(d) requires the Arkansas Department of Health, Vital Records Division to provide a free copy of a prisoner's birth certificate to the ADC, and therefore, the ADC should also give him a free copy. (*Id.*)

It, however, is well settled that a § 1983 action must be based on the violation of a federal constitutional or statutory right. *See* 42 U.S.C. § 1983; *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022). Plaintiff does not have a federal constitutional or statutory right to a free copy of his birth certificate. Thus, he has failed to state a plausible § 1983 claim for relief. Further, I note that, according to the Arkansas Department of Health's website, the fee for obtaining a copy of a birth certificate is only $13.85. *See* https://vitalrecords.egov.com/CDC.VitalRecordsMVC.Web/Wizard/AR/Pricing/PricingInformation.

## II.    CONCLUSION

IT, IS THEREFORE, RECOMMENDED:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. In the future, dismissal of this action be counted as a strike under 28 U.S.C. §

1915(g).

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting this Recommendation would not be taken in good faith.

Dated this 17th day of September 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE